Stephen J. Horace (*admitted pro hac vice*)
MICHAEL BEST AND FRIEDRICH LLP
1776 Lincoln Street, Suite 1100
Denver, Colorado 80203
Telephone: (720) 745-4870
sjhorace@michaelbest.com

Todd Feltus (#019076)
Daniel P. Crane (#030623)
KERCSMAR FELTUS & COLLINS PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
Telephone: (480) 421-1001
Facsimile: (480) 421-1002
tfeltus@kfcfirm.com
dpc@kfcfirm.com

Attorneys for Candelario Counterclaim Plaintiffs Frank Candelario, Sherri Candelario, Shared Housing Solutions, LLC and Kate's House Foundation

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Recovery Housing Academy, LLC, an Arizona limited liability company; RAL Academy LLC, an Arizona limited liability company; Mona Guarino; and Isabelle Guarino,<br><br>Plaintiffs/Counterclaim Defendants,<br><br>vs.<br><br>Frank Candelario and Sherri Candelario, husband and wife; Shared Housing Solutions, LLC,<br><br>Defendants/Counterclaim Plaintiffs<br><br>Kate's House Foundation<br><br>Counterclaim Plaintiff | Case No. 2:21-cv-02133-SMB<br><br>**MOTION OF FRANK CANDELARIO, SHERRI CANDELARIO, SHARED HOUSING SOLUTIONS, LLC and KATE'S HOUSE FOUNDATION FOR A PRELIMINARY INJUNCTION AND FOR EXPEDITED DISCOVERY** |

Counterclaim Plaintiffs Frank Candelario and Sherri Candelario ("the Candelarios"), Shared Housing Solutions, LLC ("Shared Housing Solutions"), and Kate's House Foundation (collectively, "Candelario Counterclaim Plaintiffs") file this Motion

1

for a Preliminary Injunction to prevent Plaintiffs/Counterclaim Defendants Recovery Housing Academy, LLC ("RHA"), RAL Academy LLC ("RALA"), Mona Guarino and Isabelle Guarino Smith (collectively, "RHA/Guarino Defendants") from continuing their unauthorized and unlawful use of the Candelario Counterclaim Plaintiffs' intellectual property, publicity and privacy rights pending trial. The Candelario Counterclaim Plaintiffs further seek expedited discovery in advance of the preliminary injunction hearing to provide further evidence about the RHA/Guarino Defendants' ongoing infringement and misappropriation of their intellectual property, publicity and privacy rights, and the opportunity to supplement this Motion after the collection of such discovery.

The RHA/Guarino Defendants have collectively engaged in a systematic, collaborative scheme to misappropriate and exploit the Candelario Counterclaim Plaintiffs' intellectual property and publicity rights after the agreed November 19, 2021 termination date of their contracts and relationship with the Candelarios. Following this termination of the relationship and termination of all rights to use the intellectual property of the Candelario Counterclaim Plaintiffs, the RHA/Guarino Defendants have continued to use, exploit and profit from the Candelarios' original copyrighted materials, names, images and likenesses, to commercially exploit for competitive businesses purposes the trademarks of the Candelario Counterclaim Plaintiffs, and to engage in false and misleading advertising suggesting a continued association with the Candelarios and ownership of the Candelario Counterclaim Plaintiffs' intellectual property.

The Candelario Counterclaim Plaintiffs are entitled to a preliminary injunction restraining each of the RHA/Guarino Defendants and all those acting in concert with them from engaging in such conduct pending trial, and from attempting to pass off the Candelarios' original materials as their own to unsuspecting students and others in the industry. Accordingly, Candelario Counterclaim Plaintiffs seek relief as set forth in the proposed Order submitted with this Motion. Following expedited discovery, and in advance of the preliminary injunction hearing, Candelario Counterclaim Plaintiffs seek

leave to supplement this Motion. The following Memorandum of Points and Authorities and accompanying Declaration of Sherri Candelario in Support of Counterclaim Plaintiffs' Motion for a Preliminary Injunction ("S. Candelario PI Decl.") support this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

To obtain a preliminary injunction, the moving party must establish: (1) likelihood of success on the merits, (2) likelihood of irreparable harm absent preliminary relief, (3) that "the balance of equities tips in [their] favor," and (4) that "an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *accord Planned Parenthood Arizona, Inc. v. Humble*, 753 F.3d 905, 911 (9th Cir. 2014). In certain cases, "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support the issuance of a preliminary injunction, assuming the other two [*Winter*] elements are met". *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

Section 502(a) of the Copyright Act specifically authorizes injunctive relief, and "[a]s a general rule, a permanent injunction will be granted when liability has been established and there is a threat of continuing violations." *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1072 (D. Ariz. 2006). Moreover, "Injunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *See Century 21 Real Est. Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988); 15 U.S.C. § 1116(a).

All four elements strongly support a preliminary injunction here.

# ARGUMENT

## I. THE CANDELARIO COUNTERCLAIM PLAINTIFFS ARE LIKELY TO SUCCEED ON THE MERITS.

### A. The Candelarios Are Likely To Succeed On Their Count One For Copyright Infringement Under 17 U.S.C. § 101 *et seq.*

To prevail on a claim for copyright infringement, the claimant must show: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publ'ns., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Copyright infringement is a strict liability offense. Candelario Counterclaim Plaintiffs are "not required to demonstrate [Plaintiffs'] intent to infringe the copyright in order to demonstrate copyright infringement." *Liberty Media Holdings, LLC v.Vinigay.com*, 2011 WL 7430062, at *11 (D. Ariz. Dec. 28, 2011) (citing *Educ. Testing Serv. V. Simon,* 95 F. Supp. 2d 1081, 1087 (C.D. Cal. 1999) ("There is no need to prove anything about a defendant's mental state to establish copyright infringement; it is a strict liability tort.")).

The Candelarios own the following United States copyright registrations for four literary works that they authored and own, consisting of teaching materials on shared housing ("Candelario Copyrighted Teaching Materials"):

 a. Housing For Social Good, U.S. Copyright Reg. No. TX0009056716;

 b. Shared Housing Strategies Presentation 2018, U.S. Copyright Reg. No. TX 9-055-057;

 c. Shared Housing Strategies Presentation 2021, U.S. Copyright Reg. No. TX 9-055-056;

 d. Student Materials for Social Housing Strategies: Investing for Profit and Purpose, U.S. Copyright Reg. No. TX 9-055-055.

Copies of these U.S. copyright registrations for the Candelario Copyrighted Teaching Materials[1] were filed with the Counterclaims (Dkt. 39) at Dkt. 39.001, 39.002,

---

[1] The deposit copies of the copyrighted materials will be made available under seal to the Court and with appropriate confidentiality designations pursuant to a protective order, because they have commercial value that would be eviscerated if they were publicly disclosed in their entirety.

39.003 and 39.004. The Candelario Copyrighted Teaching Materials contain original text and images authored by the Candelarios, and were substantially developed prior to their relationship with the RHA/Guarino Defendants. S. Candelario PI Decl. ¶¶ 6,10-13, 17.

"In any judicial proceedings, the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c). Here, as set forth on the copyright registration certificates for the Candelario Copyrighted Teaching Materials, all of these materials were first published within the last five years. Dkt. 39.001, 39.002, 39.003 and 39.004.

The Candelarios never transferred any of their rights in the Candelario Copyrighted Teaching Materials to the RHA/Guarino Defendants, and all rights to continued use of such materials by the RHA/Guarino Defendants ended when the Candelarios' Independent Contractor Agreements with the RHA/Guarino Defendants ("IC Agreements") terminated on November 19, 2021 by mutual agreement. *See* S. Candelario PI Decl. ¶¶ 20-22, 25, 28-30; IC Agreements attached to the Amended Complaint (Dkt. 40.001, 40.002 and 40.003).

Under the Copyright Act, the Candelarios own, with respect to each of the Candelario Copyrighted Teaching Materials, the exclusive right: "(1) to reproduce the copyrighted work in copies or phonorecords; (2) to prepare derivative works based upon the copyrighted work; (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease or lending; (4) … to perform the copyrighted work publicly; and (5) … to display the copyrighted work publicly. . . ." 17 U.S.C. § 106. After the IC Agreements' termination, the RHA/Guarino Defendants have infringed and, on information and belief, continue to infringe the §106 exclusive rights of the Candelarios to reproduce, distribute, perform and display the Candelario Copyrighted Teaching Materials and their exclusive rights to right to prepare derivative works from those copyrighted materials.

Kercsmar Feltus & Collins PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

The Candelario Copyrighted Teaching Materials were used by the Candelarios and the RHA/Guarino Defendants during the term of the IC Agreements, which ended by mutual agreement on November 19, 2021. S. Candelario PI Decl. ¶¶ 23, 27-29. Upon the termination of the IC Agreements, the Candelarios provided the RHA/Guarino Defendants with a notice from counsel ("Termination of IP Rights Notice") that the rights of the RHA/Guarino Defendants to use the original materials, names, images, likenesses and trademarks of the Candelario Counterclaim Plaintiffs ("Candelario IP") ended with the IC Agreements. *Id.* ¶ 29. The RHA/Guarino Defendants did not substantively respond to the November 19, 2021 termination letter or the Termination of IP Rights Notice, or contest the Candelario Counterclaim Plaintiffs' position that any rights for the RHA/Guarino Defendants to use any of the Candelario IP ended on the date of the termination. *Id.* ¶ 30.

Nevertheless, after the agreed November 19, 2021 termination of its relationship with the Candelarios, the Candelarios discovered that RHA/Guarino Defendants were attempting to continue shared housing classes and coaching without the Candelarios' participation, and attempting to do so by continuing to use the Candelarios' original materials, names, likenesses, and trademarks. *Id.* ¶ 34.

Counsel for the Candelarios brought these infringements to the attention of the RHA/RALA counsel, who advised that RHA/RALA were working to remove the Candelarios' names and their companies' names from RHA/RALA materials and its website, thereby removing both the source identification and the branding from such materials to falsely suggest to students that these materials were created by RHA. *Id.* ¶ 33 and Exhibits 5 and 6 thereto. He also explicitly claimed that RHA/RALA "believes it has rights to use" the three-day class content, which consists primarily of the Candelario Copyrighted Teaching Materials. *Id.* ¶ 33 and Exhibit 6 thereto. The RHA/Guarino Defendants' counsel further stated that RHA/RALA "believes it is appropriately using content to perform coaching and consulting," which had consisted primarily of the Candelario Copyrighted Teaching Materials. *Id.*

The "content to perform coaching and consulting" referenced by the RHA counsel refers to a "downloadable back office" of the RHA website, which contains shared housing materials made available to all shared housing coaching students. This material, both before and after the termination of the IC Agreements, consists primarily of the Candelarios' original teaching material, including the Candelario Copyrighted Teaching Materials, as well as content featuring the Candelarios' names, likenesses and trademarks. S. Candelario PI Decl. ¶ 35 and Exhibit 7 thereto. These "downloadable back office" materials remained on the RHA website "downloadable back office" after the termination of the IC Agreements and, on information and belief, remain available today to existing and new students who purchase shared housing coaching services from RHA. This material substantially consists of Candelario Copyrighted Teaching Material. *Id.*

For the reasons set forth above and based on additional evidence that the Candelario Counterclaim Plaintiffs will collect through expedited discovery should the Court allow such discovery, the Candelarios are likely to succeed on their copyright infringement counterclaims, because they have at least preliminarily established: (1) ownership of valid copyrights, and (2) copying of original constituent elements the copyrighted material, through the RHA/Guarino Defendants' unauthorized continued commercial retention, use, sale and distribution of original constituent elements of the Candelario Copyrighted Teaching Materials without authorization after the termination of the IC Agreements. Such conduct violates the Candelarios' exclusive rights to reproduce, distribute, sell, lease, lend, perform or display the Candelario Copyrighted Teaching Materials and to prepare derivative works of such materials.

Section 502(a) of the Copyright Act specifically authorizes injunctive relief for copyright infringement. 17 U.S.C. § 502(a). There is no indication that the RHA/Guarino Defendants' copyright infringement has ceased or will cease pending trial. If these infringements are allowed to persist while the case is pending, the Candelarios will continue to suffer irreparable harm. S. Candelario PI Decl. ¶ 36.

### B. The Candelarios Are Likely To Succeed On Their Count Two For Trademark Infringement Under The Lanham Act

Under the Lanham Act, it is unlawful for any person to use in commerce in connection with any goods or services, any "word, term, name, symbol, or device" or "any false designation of origin, false or misleading descriptions of fact, or false or misleading representation of fact, which- (A) is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person… ." 15 U.S.C. § 1125(a)(1).

Here, the RHA/Guarino Defendants lost their rights to use any of the Candelario Counterclaim Plaintiffs' intellectual property rights, or to suggest any continued affiliation with the Candelarios or their companies, when the IC Agreements ended by mutual consent on November 19, 2021. S. Candelario PI Decl. ¶¶ 19-21, 28-29. Any continued RHA/Guarino Defendants' commercial use of the Candelarios' name, images, or trademarks after that date, including the federally registered Kate's House and Kate's House Foundation marks and the Shared Housing Solutions marks (pending federal registration), falsely suggests an affiliation with the Candelario Counterclaim Plaintiffs that no longer exists. Copies of the federal Kate's House and Kate's House Foundation federal registrations and the Shared Housing Solutions federal applications are identified at S. Candelario PI Decl. ¶ 14 and provided with the Counterclaims (Dkt. 37) at Exhibits 5-11. Any such references fall squarely within the definition of a "word, name or…any false designation of origin" that "is likely to confuse, or cause mistake, or to deceive as to affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his goods, services or commercial activities." *See* 15 U.S.C. § 1125(a)(1).

There can be no real dispute about most of the facts relevant to the Candelario Counterclaim Plaintiffs' likelihood of success on its Lanham Act claims. The Candelario Counterclaim Plaintiffs own exclusive rights to the Kates' House, Kate's House Foundation and Shared Housing Solutions trademarks and to the exclusive right to

authorize use of the Candelarios' name and images for commercial purposes. Any authorization to make use of any of the Candelario Counterclaim Plaintiffs' marks, names or images was expressly revoked on November 19, 2021, when the IC Agreements ended by mutual consent. Continued use of any of these Candelario marks, names or images in connection with the RHA/Guarino Defendants' shared housing education services would serve "to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person" – namely, the Candelarios and their businesses Kate's House Foundation and Shared Housing Services LLC. Such unauthorized use by a now unrelated party of these same names, images and marks for the same shared housing education services offered by the Candelarios since long before their relationship with RHA obviously and inevitably creates a likelihood of confusion about the source or sponsorship of RHA/RALA shared housing education services and materials. If virtually identical marks are used with substantially similar products or services, "likelihood of confusion would follow as a matter of course." *Brookfield Commc'ns. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1056 (9th Cir. 1999).

Nor is there a question that injunctive relief is appropriate where trademark infringement or unfair competition has occurred: "Injunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *See Sandlin*, 846 F.2d at1180; 15 U.S.C. § 1116(a) ("[a] plaintiff seeking any such injunction shall be entitled to a rebuttable presumption of irreparable harm upon a finding of a violation identified in this subsection . . . in the case of a motion for a preliminary injunction or temporary restraining order.")

The only remaining questions are whether RH/Guarino Defendants continued to use these Candelario Counterclaim Plaintiffs' trademarks, names and images after their rights to do so ended, and whether there is a risk that such infringing conduct will continue.

Use of the Candelario Counterclaim Plaintiffs' trademarks and the Candelarios' names and likenesses has continued well after the termination of the IC Agreements. They did continue such infringing conduct and there is reason to believe the infringing conduct will not stop absent intervention by the Court. *See* S. Candelario PI Decl. ¶ 33-35 and Exhibits 4, 5 and 7 thereto.

Candelario Counterclaim Plaintiffs believe that such infringing use by the RHA/Guarino Defendants continues today, and seek expedited discovery to reveal the facts about such continued use. Even if such use is not presently underway, however, there is a substantial risk that such use will recur pending trial. This would likely occur through further use of the names, images and trademarks of the Candelario Counterclaim Parties in RHA/Guarino Defendants' teaching materials or advertising. Such unlawful conduct will also occur if RHA/Guarino Defendants falsely present Candelario teaching materials as their own by doctoring them to remove the Candelario source and branding identification from such materials, thereby creating a likelihood of confusion, mistake and deception as to true source of those materials.

### C. The Candelarios Are Likely To Succeed On Their Count Three For Violation Of Their Common Law Right Of Publicity

Arizona recognizes a cause of action for violation of one's right to publicity. *Canas v. Bay Ent., LLC*, 498 P.3d 1082, ¶¶ 9-21 (Az. Ct. App. 2021). Arizona relies upon the Restatement (Third) of Unfair Competition § 46 in establishing that "[o]ne who appropriates the commercial value of a person's identity by using without consent the person's name, likeness, or other indicia of identity for purposes of trade is subject to liability." *See In re Estate of Reynolds*, 235 Ariz. 80, ¶ 8, 327 P.3d 213 (Ct. App. 2014). To establish a claim for violation of one's right to publicity, the claimant must show: "(1) the defendant's use of the plaintiff's identity; (2) the appropriation of plaintiff's name or likeness to the defendant's advantage, commercially or otherwise; (3) lack of consent; and (4) resulting injury." *Pooley v. Nat'l Hole-In-One Ass'n*, 89 F. Supp. 2d 1108, 1111 (D. Ariz. 2000).

Here, all these elements are present. After their relationship with the Candelarios ended, the RHA/Guarino Defendants continued to use the Candelarios' identity in the form of their names and images in connection with the RHA/Guarino Defendants' shared housing education business. S. Candelario PI Decl. ¶¶ 32-35 and Exhibits 4-7 thereto. Such appropriation was made for the commercial advantage of RHA/Guarino Defendants and their shared housing education business. The Candelarios never consented to such continued use; to the contrary, they expressly withheld such consent in their IP Notice Letter and in a Cease and Desist letter. S. Candelario PI Decl. ¶¶ 29 and 33 and Exhibits 3 and 5 thereto. And there is resulting injury, in terms of damage to the Candelarios' business and reputation and the erosion of the value of their endorsement as a result of having their names, images and likenesses used and promoted by a diminished and inexperienced entity that they no longer support and with which they have no further association. *Id.* ¶ 36.

## II. THE CANDELARIOS WILL SUFFER IRREPARABLE HARM ABSENT A PRELIMINARY INJUNCTION.

To establish irreparable harm, the movant must show "a sufficient causal connection between the alleged irreparable harm and the activity to be enjoined", but "need not further show that the action sought to be enjoined is the exclusive cause of the injury." *Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, 886 F.3d 803, 819 (9th Cir. 2018) (internal quotation omitted). Irreparable harm exists where there is no adequate legal remedy to cure the harm. *See Arizona Recovery Hous. Ass'n v. Arizona Dep't of Health Services*, 462 F. Supp. 3d 990, 997 (D. Ariz. 2020). "The mere fact that the damages are susceptible to quantification . . . does not necessarily mean that a preliminary injunction will not lie. . . ." *Id.*

"Copyright infringement is presumed to give rise to irreparable injury." *Streeter*, 438 F. Supp. 2d at 1072. Likewise, trademark infringement and unfair competition are presumed to cause irreparable harm by their very nature. *Sandlin*, 846 F.2d at 1180; 15 U.S.C. § 1116(a). Ongoing violations are likely to confuse or mislead consumers, and

thus, Candelario Counterclaim Plaintiffs will suffer continued harm to their business and reputation as a result. *See, e.g., Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 841 (9th Cir. 2001) (affirming grant of preliminary injunction and noting that evidence of threatened loss of prospective customers or goodwill certainly supports a finding of the possibility of irreparable harm); *Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991) (finding damage to ongoing recruitment efforts and goodwill or reputation support a finding of irreparable harm because they are difficult to quantify); *CytoSport, Inc. v. Vital Pharm.*, 617 F. Supp. 2d 1051, 1080 (E.D. Cal. 2009) (irreparable harm can result from the loss of control over business reputation, damage to goodwill, and threatened loss of customers).

Here, the irreparable harm underway that will continue without the Court's intervention includes: (1) falsely associating the Candelario Counterclaim Plaintiffs with an inexperienced and diminished entity that they no longer support, (2) creating confusion about a continued relationship between the Candelario Counterclaim Plaintiffs and RHA/RALA, (3) eroding the reputation that the Candelarios and Kate's House Foundation and Shared Housing Solutions, LLC have painstakingly built over the last seven years, (4) creating uncertainty about the source and authorship and credibility of the Candelarios' original teaching materials, and (5) undermining confidence in the work the Candelarios, Kate's List Foundation and Shared Housing Solutions, LLC have done and continue to do for the mutual benefit of recovering drug users, homeless women, men and women from departments of corrections, drug court members and their respective communities, and the investors who support their Kate's House Shared Housing model vision and make shared housing possible. S. Candelario PI Decl. ¶ 36.

### III. THE BALANCE OF HARMS AND THE PUBLIC INTEREST FAVOR PRELIMINARY INJUNCTIVE RELIEF.

An injunction here protects rights under the copyright, trademark, publicity and unfair competition laws and thus, the balance of the equities and public interest also favor an injunction. *See Hydentra HLP Int'l v. Porn69.org*, No. CV-15-00451, 2016 WL

3213208, at *3 (D. Ariz. June 10, 2016) (concluding the public interest in enforcement of copyright laws favored an injunction); *CrossFit, Inc. v. Maximum Human Performance, LLC*, No. 12cv2348, 2013 WL 1627953, at *4 (S.D. Cal. Apr. 12, 2013) (concluding the public interest in "protecting trademarks generally" favored an injunction).

Here, if the injunction is granted, the RHA/Guarino Defendants need only use their own materials for their shared housing education services, cease using materials created or provided by the Candelarios, and shut down any online or advertising or promotion materials that they have distributed that show or refer to the Candelarios, Kate's House or Shared Housing Solutions in connection with their shared housing education and coaching businesses. On *the* other hand, if the injunction is denied, the Candelarios, Kate's House Foundation and Shared Housing Solutions will suffer the irreparable and other harm set forth above. S. Candelario PI Decl. ¶ 36. This would continue to undermine the vital mission of the Candelario Counterclaim Plaintiffs to raise funds to provide their model of shared housing to those who need it most, for the benefit of those individuals, their communities, their partners in government and the justice system, and the investors who make this possible. *Id.* It will make that mission much more difficult and confuse these stakeholders, and create a situation in which the Candelarios will continue to be falsely associated with RHA/RALA, entities with which they no longer have or want any association, and the RHA/RALA programs, which the Candelarios no longer endorse and over which the Candelarios have no input or control.

For these reasons, the Court should grant the preliminary injunction in the form set forth in the *proposed* order filed with this Motion.

### IV. THE COURT SHOULD ALLOW TARGETED EXPEDITED DISCOVERY IN CONNECTION WITH THIS MOTION

The RHA/Guarino Defendants have sought expedited discovery in connection with their preliminary *injunction* motion relating to their defamation claim. In particular, they seek "expedited discovery prior to the preliminary injunction hearing on issues relevant to that hearing: (1) depositions of Sherri Candelario and Frank Candelario, not to exceed four

hours each, and (2) ten interrogatories and ten requests for production of documents to Defendants." Dkt. 34 at 2-4. The Candelario Counterclaim Plaintiffs, as noted in their Response to that motion, believe that "for judicial efficiency and to avoid serial depositions, serial expedited discovery and serial preliminary injunction hearings, a schedule for such discovery, briefing and a single preliminary injunction hearing should be scheduled as part of the February 14 status conference already set by the Court." Dkt. 36 at 8.

The Candelario Counterclaim Plaintiffs do not dispute that expedited discovery may be appropriate in advance of a preliminary injunction hearing, and this is particularly the case where intellectual property infringement is alleged. *Disney Enters. V. VidAngel, Inc.*, 869 F.3d 848, 855, 867 (9th Cir. 2017). The Candelario Counterclaim Plaintiffs do not oppose the expedited discovery that the RHA/Guarino Defendants proposed, provided that they are granted corresponding expedited discovery. In particular, the Candelario Counterclaim Plaintiffs propose:

1. The RHA/Guarino Defendants and the Candelario Counterclaim Plaintiffs may each serve a total of 15 Requests for Production and 15 Interrogatories to one another (not separate sets by or to each party) on the topics at issue in the respective preliminary injunction motions. Responses will be due 14 days from service. Document productions must be completed within 28 days from service.

2. The RHA/Guarino Defendants may take depositions of Frank Candelario and Sherri Candelario, and the Candelario Counterclaim Plaintiffs may take the depositions of Recovery Housing Academy LLC, Emmanuel Guarino and Tyler Reiser (or 3 other entities of their choice) on the topics at issue in the respective preliminary injunctions. Each deposition will be conducted remotely and will not exceed 4 hours each.

3. Supplemental preliminary injunction briefs and responses will be due thereafter on a schedule to be determined at the February 14 status conference.

The Candelario Counterclaim Parties look forward to further discussing these issues at the February 14 status conference.

WHEREFORE, the Candelario Counterclaim Plaintiffs respectfully request that this Court grant its motion and order the requested relief in the form provided in the proposed order submitted with this Motion attached as Exhibit A, as well as any further relief that the Court deems just and proper.

DATED this 31st day of January, 2022.

MICHAEL BEST AND FRIEDRICH LLC

By: *Stephen J. Horace*
    Stephen J. Horace
    1776 Lincoln Street, Suite 1100
    Denver, Colorado 80203


KERCSMAR FELTUS & COLLINS PLLC
Todd Feltus
Daniel P. Crane
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251

Attorneys for Candelario Parties